**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHERYL ANNE ROSSITER, | ) | NO. ED CV 12-1919-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on November 8, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a "Statement of Consent to Proceed Before a United States Magistrate Judge, etc." on December 6, 2012.

Plaintiff filed a motion for summary judgment on April 16, 2013. Defendant filed a motion for summary judgment on June 14, 2013. The Court has taken both motions under submission without oral argument. See "Order," filed November 13, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former bartender, asserted disability based on alleged physical and mental problems (Administrative Record ("A.R.") 1001-03, 1012, 1020). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and from a vocational expert (A.R. 1-1242). The ALJ found Plaintiff "has the following severe impairments: osteoarthritis in the back, bipolar disorder, panic disorder, and history of polysubstance abuse in sustained remission" (A.R. 1236). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 1237). In reliance on the testimony of the vocational expert, the ALJ determined that a person having this capacity could perform jobs that exist in significant numbers in the national economy (A.R. 1227-28, 1241-42). The Appeals Council denied review (A.R. 960-62).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v.

2

1  Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

3      This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion."  Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007) (same).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

## DISCUSSION

    After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///
///
///
///
///

---

[1]  The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

3

**I.   Substantial Evidence Supports the Conclusion Plaintiff Could Work.**

Substantial medical and non-medical evidence supports the ALJ's determination that Plaintiff could work through the date of the ALJ's latest decision. Conflicts in the evidence argued by Plaintiff do not require a contrary determination.

Initially, the Court observes that, in connection with a prior application, the Administration found Plaintiff able to work through May 21, 2008 (A.R. 365-75, 966-76) ("the prior administrative decision"). In the prior administrative decision, the ALJ rejected, inter alia, the contrary opinions of Dr. Steve Eklund, Plaintiff's treating psychiatrist (id.). In Rossiter v. Astrue, No. ED CV 08-995-E, this Court upheld the prior administrative decision. In that case, the Court held, inter alia, that the ALJ properly had rejected the opinions of Dr. Eklund.[2]

In connection with Plaintiff's current application, Dr. Warren David Yu, a board certified orthopedic surgeon, examined Plaintiff and rendered a March 15, 2009 consultative report (A.R. 1148-51). Dr. Yu opined Plaintiff can perform light work (A.R. 1151). A consultative examiner's opinion can furnish substantial evidence supporting an administrative finding of non-disability. See Tonapetyan v. Halter, 242 F.3d at 1149; see also Orn v. Astrue, 495

---

[2] In the present case, the ALJ found that Plaintiff had rebutted the presumption of continuing nondisability by alleging that her musculoskeletal and mental symptoms have worsened (A.R. 1239).

F.3d 625, 632 (9th Cir. 2007) (consultative opinion based on independent clinical findings can be substantial evidence upon which the ALJ may rely).

In addition to the mental status evidence already in the medical record, a state agency physician rendered 2009 mental residual functional capacity assessments consistent with the capacity the ALJ found to exist (A.R. 1130-43). Where, as here, the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2.

Some statements made by Plaintiff herself also supported the administrative determination. Plaintiff testified she was working part-time in a diner (A.R. 1211). Plaintiff claimed she "can't really work more than 5 hours in a shift . . . [because] it gets to be too much because I'm on my feet the whole time" (A.R. 1216). Plaintiff later appeared to concede, however, that she might be able to work full-time at a job having a "perfect balance between being on my feet and being sitting down" (A.R. 1225). The residual functional capacity found by the ALJ and the jobs identified by the vocational expert contemplate a "sit/stand option" (A.R. 1227-28, 1237, 1242). Plaintiff also testified she had not received any complaints from customers or co-workers in the diner, that she crochets, and that she reads 300 to 500 page books (A.R. 1221). A claimant's concession regarding her functional abilities, and a claimant's history of working despite impairments, may constitute substantial evidence that

1 the claimant's impairments, are not disabling.  See Ray v. Bowen, 813
2 F.2d at 917; Fox v. Heckler, 776 F.2d 738, 745 (7th Cir. 1985); Baker
3 v. Gardner, 388 F.2d 493, 494 (5th Cir. 1968).

5     As argued by Plaintiff, the record contains some conflicting
6 evidence.  It was the prerogative of the ALJ, however, to resolve the
7 conflicts in the evidence.  See Lewis v. Apfel, 236 F.3d 503, 509
8 (9th Cir. 2001).  Whenever the evidence "is susceptible to more than
9 one rational interpretation," the Court must uphold the
10 administrative decision.  Andrews v. Shalala, 53 F.3d at 1039-40;
11 accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002);
12 Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

14     The vocational expert testified that a person having the
15 limitations identified by the ALJ could perform jobs existing in
16 significant numbers in the national economy (A.R. 1227-28, 1237-
17 1242).  This testimony furnishes substantial evidence there exist
18 significant numbers of jobs Plaintiff can perform.  See Burkhart v.
19 Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see also Barker v.
20 Secretary of Health and Human Serv., 882 F.2d 1474, 1478-80 (9th Cir.
21 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see
22 generally 42 U.S.C. § 423(d)(2)(A).

24 **II.  Plaintiff's Other Arguments Are Unavailing.**

26     Plaintiff argues that the ALJ erred in rejecting the opinions of
27 Plaintiff's treating physicians, Drs. Bikramjit Ahluwalia and Steve
28 Eklund.  No material error occurred.

Where, as here, a treating physician's opinion is contradicted, the ALJ may reject the opinion by setting forth "specific, legitimate reasons" for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); Orn v. Astrue, 495 F.3d at 631-33 (discussing same). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

Plaintiff first argues that the ALJ failed specifically to address Dr. Ahluwalia's February 18, 2009 report. Any such failure was harmless. The only part of the February 18, 2009 report specifically suggesting a limitation on Plaintiff's functional capacity is an "X" in the "Yes" box under the question "Do upper extremity limitations affect ability to lift/carry w/free hand?" (A.R. 1145). A handwritten notation next to the box references "carpal tunnel syndrome" (id.). The alleged failure of the ALJ to address Dr. Ahluwalia's February 18, 2009 opinion regarding "upper extremity limitations" was harmless if only because Dr. Ahluwalia conceded later in the same year that Plaintiff had no such limitations (A.R. 1157) (reflecting an "X" in the "No" box below the question "Do upper extremity limitations affect ability to lift/carry w/free hand?").

///

Plaintiff also complains that the ALJ preferred Dr. Yu's opinion to the opinions in Dr. Ahluwalia's September 20, 2009 report. In

addition to indicating Plaintiff has no upper extremity limitation affecting the ability to lift or carry, Dr. Ahluwalia's September 20, 2009 report contains the conclusion "do not think patient is able to perform any work" (A.R. 1158).  The ALJ rejected this conclusion (a conclusion seemingly contrary to Plaintiff's own testimony) (A.R. 1240).  The ALJ stated, inter alia, that Dr. Ahluwalia's October 26, 2009 "physical examination was unremarkable except for faint erythematous areas on the legs," and Dr. Ahluwalia's "objective findings are more consistent with Dr. Yu's objective findings, which support a residual functional capacity for light work" (A.R. 1240; see A.R. 1201 (record of Dr. Ahluwalia's October 26, 2009 examination of Plaintiff in which Dr. Ahluwalia found no "tender joints" and found "full range of motion" in all joints)).  The ALJ's stated reasoning suffices to justify the rejection of Dr. Ahluwalia's opinions.  An ALJ properly may reject a treating physician's conclusory assessment when unsupported by adequate clinical findings. See, e.g., Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992); Burkhart v. Bowen, 856 F.2d at 1139-40; Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner, 359 F.3d at 1195 ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); Morgan

v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999) (treating physician's opinion is "not necessarily conclusive as to either the physical condition or the ultimate issue of disability"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (noting that an ALJ permissibly could reject three evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").[3]

As in Rossiter v. Astrue, No. ED CV 08-995-E, Plaintiff also complains of the ALJ's rejection of Dr. Eklund's opinions. No material error occurred. On April 29, 2008, Dr. Eklund opined that Plaintiff's mental problems markedly limited her work-related functionality in numerous respects (A.R. 1161-62). The Court observes that this opinion predated the prior administrative decision finding Plaintiff not disabled, a decision subsequently upheld by this Court.

Dr. Eklund's later reports say little or nothing specific regarding Plaintiff's ability to work (A.R. 1125-29, 1147, 1152-55). In any event, the ALJ stated sufficient reasons for rejecting any suggestion by Dr. Eklund that mental problems prevent Plaintiff from working. The ALJ emphasized that Plaintiff "works part-time at a diner with no customer or employer complaints. She also reads notwithstanding her asserted memory and concentration problems" (A.R. 1240). The ALJ characterized Plaintiff's "mental health symptoms" as

---

[3] The Court need not and does not determine whether Dr. Yu's opinions, by themselves, would have justified the rejection of Dr. Ahluwalia's opinions.

"stable with little change in her psychiatric regimen" (A.R. 1240). It is true that some of Plaintiff's medications have changed over time. However, it is also true that the ALJ rationally could conclude that Plaintiff's reported "mental health symptoms" reflected in the treating records, as well as Plaintiff's actual activities, exhibit an ability to work notwithstanding her alleged mental problems. Plaintiff repeatedly stresses Dr. Eklund's findings that Plaintiff experiences "mood swings." As Dr. Eklund acknowledged, however, Plaintiff has experienced these mood swings since she was 15 years old (A.R. 1125). Plaintiff nevertheless has worked, and has been found to be able to work, many years into Plaintiff's adulthood.

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 27, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE